UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| WALTER H. SCOTT,<br><br>               Plaintiff,<br><br>    v.<br><br>RBS CITIZENS N.A., RICHARD H. KREAM, and<br>WELTMAN, WEINBERG & REISE CO., L.P.A.,<br><br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 08 11075 NG<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

This complaint alleges violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1691a, et seq., its Massachusetts analog, Mass. G.L. c. 93, §42, and the Massachusetts unfair trade practices statute, Mass. G.L. c. 93A, §9.

### Parties

1. The Plaintiff Walter H. Scott ("Mr. Scott") is an individual residing in the City of Cambridge, Massachusetts. At all times relevant to this litigation, Mr. Scott was a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

2. The Defendant RBS Citizens N.A. ("Citizens Bank") is a national banking association bearing national charter no. 24571. It is headquartered at One Citizens Plaza, Providence, Rhode Island 02903. RBS Citizens N.A. does business in Massachusetts as Citizens Bank. At all times relevant to this Complaint, Citizens Bank was a "creditor" as that term is defined in 15 U.S.C. §1692a(4) and 940 C.M.R. §7.03.

3. The Defendant <u>Richatd H. Kream</u> ("Attorney Kream") is an individual residing in the Commonwealth of Massachusetts. He maintains a principal place of business at 536 Broad Street, Suite 5, East Weymouth, Massachusetts 02189. Attorney Kream is an attorney licensed to practice law in the Commonwealth of Massachusetts and, on information and belief, does business as Kream and Kream. On information and belief, Attorney Kream acted in his capacity as an agent of either Weltman Co. or Citizens Bank with respect to the conduct alleged herein. At all times relevant to this Complaint, Attorney Kream was operating as a "debt collector" as that term is defined in 15 U.S.C. §1692a(6), and a "creditor" as that term is defined in 940 C.M.R. §7.03.

4. The defendant <u>Weltman, Weinberg & Reise Co., L.P.A.</u> ("Weltman Co.") is a licensed professional corporation organized under the laws of Ohio. It maintains a principal place of business at various locations throughout Ohio and surrounding states. Its registered agent is Alan Weinberg, 323 W. Lakeside Avenue, Suite 200, Cleveland, Ohio 44113. On information and belief, Weltman Co. acted in its capacity as an agent of Citizens Bank with respect to the conduct alleged herein. At all times relevant to this Complaint, Weltman Co. was operating as a "debt collector" as that term is defined in 15 U.S.C. §1692a(6), and a "creditor" as that term is defined in 940 C.M.R. §7.03.

### Venue and Jurisdiction

5. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

### Factual allegations

7. At all times relevant to this action, Mr. Scott maintained personal and professional banking accounts at Citizens Bank.

## The Cashier's Check

8. On or about February 4, 2008, Mr. Scott received Bank of America Cashier's Check no. 0995359 in the amount of $30,000 (the "Cashier's Check"). The Cashier's Check was made payable to Mr. Scott, and he deposited that Cashier's Check with Citizens Bank that day. Mr. Scott intended to apply the proceeds to satisfy various outstanding financial obligations.

9. Relying on the availability of funds represented by the Cashier's Check, Mr. Scott then proceeded to pay his various outstanding financial obligations.

10. On February 7, 2008, Mr. Scott learned that Citizens Bank had dishonored the Cashier's Check.

11. Citizens Bank's decision to dishonor the Cashier's Check was not caused by any conduct or act of Mr. Scott. Mr. Scott was wholly blameless with respect to the dishonor of the Cashier's Check.

12. By dishonoring the Cashier's Check, Citizens Bank removed the source of funds used by Mr. Scott to repay his various outstanding financial obligations. As a result of the dishonor, Citizens Bank caused Mr. Scott's accounts to become overdrawn.

13. Citizens Bank then threatened collection action with respect to the overdrafts on Mr. Scott's accounts.

14. Via certified letter dated April 11, 2008, Citizens was informed of the circumstances surrounding the dishonored Cashier's Check. A true and accurate copy of that letter is appended hereto as **Exhibit A** and incorporated herein by reference.

15. Citizens Bank responded via letter dated April 21, 2008. In that letter Brian Smith, a duly-authorized Citizens Bank representative, granted Mr. Scott a forbearance period of 60 days from April 21, 2008 in relative to Citizens' further attempts to collect the outstanding amounts. A true

and accurate copy of this letter is appended hereto as **Exhibit B** and incorporated herein by reference

## The wrongful conduct

16. On May 8, 2008, Attorney Kream sent a letter threatening collection action to Mr. Scott (the "May 8 Letter"). A true and accurate copy of the May 8 Letter is appended hereto as **Exhibit C** and incorporated herein by reference.

17. At the time the May 8 Letter was sent, Citizens Bank knew that Mr. Scott was represented by counsel relative to the circumstances surrounding the Cashier's Check. As a result, Citizens Bank's agents, including Attorney Kream and Weltman Co., knew or should have known that Mr. Scott was represented by counsel.

18. The May 8 Letter violated multiple sections of the federal Fair Debt Collection Practices Act, its Massachusetts state analog, and regulations promulgated by the Massachusetts Attorney General as set forth in, *inter alia*, 940 C.M.R. §7.01 *et seq*. For example and without limitation:

    a. The May 8 letter violated 15 U.S.C. §1692c(a)(2), Mass. G. L. Chapter 93, §49(b), and 940 CMR §7.04(2) relative to direct communications with a party represented by legal counsel.

    b. The May 8 Letter violated 15 U.S.C. §1692e(2)(A) because it contained a false representation of the character and legal status of the debt. Because Citizens Bank placed Mr. Scott's account in forbearance for sixty days from April 21, 2008, Attorney Kream was not authorized to engage in collection efforts.

    c. The May 8 Letter violated 15 U.S.C. §1692e(5) because it contained a threat to take action (*i.e.*, collection) that the defendants were prohibited from doing until on or after June 20, 2008.

    d. The May 8 Letter violated 15 U.S.C. §1692e(8) because it communicated information which the sender should have known to be false, i.e., that collection could proceed. The May 8 Letter further violated this section because it failed to communicate that Citizens Bank had put the account in forbearance.

    e. The May 8 Letter violated 15 U.S.C. §1692e(10) because, as described above, it contained a false representation and used deceptive means to attempt to collect a debt.

    f.    The May 8 Letter violated the Massachusetts Attorney General's regulations relative to debt collection, in particular, 940 CMR ¶7.07(2) (prohibiting "knowingly false or misleading representations in any communication as to the character, extent or amount of the debt, or as to its status in any legal proceeding").

    g.    The May 8 letter violated 940 C.M.R. §7.04(1)(i) by failing to contain the information required by regulation.

    h.    The May 8 Letter also violated 15 U.S.C. §1692g(a)(2) because it did not clearly identify the name of the creditor to whom the debt was owed.

19.    On information and belief, when Attorney Kream sent the May 8 Letter, he did so with the knowledge and approval of, and at the direction of Citizens Bank. On information and belief, when Attorney Kream sent the May 8 Letter, he did so with the knowledge and approval of, and at the direction of Weltman Co.

20.    On information and belief, Citizens Bank and/or Weltman Co. and/or Attorney Kream has wrongfully caused adverse information to be reported to various credit reporting agencies relative to this incident, all to Mr. Scott's detriment.

<u>The Chapter 93A demand letter</u>

21.    On May 20, 2008 a demand letter under Chapter 93A, §9 was sent to Attorney Kream via certified mail, return receipt requested. A true and accurate copy of that demand letter is appended hereto as **Exhibit D** and incorporated herein by reference. On information and belief, the letter was received on May 21, 2008.

22.    Attorney Kream, Weltman Co., and Citizens failed to respond to this Chapter 93A demand letter within the thirty-day period set forth in Mass. G.L. c. 93A, §9(3).

**First cause of action**
*Violations of the Fair Debt Collection Practices Act*
(Against Attorney Kream, Weltman Co. and Citizens Bank)

23.    Paragraphs 1 through 22 are repeated and realleged as if set forth more fully herein.

24. Each of Attorney Kream, Weltman Co., and Citizens Bank violated the Fair Debt Collection Practices Act as identified above.

25. As a direct and proximate result of Attorney Kream's, Weltman Co.'s, and Citizens Bank's violation of the Fair Debt Collection Practices Act, Mr. Scott has been harmed in an amount to be determined at trial, plus statutory damages, plus costs and reasonable attorneys' fees as provided by 15 U.S.C. §1692k(a).

### Second cause of action
*Violations of Mass. G.L. c. 93, §49*
(Against Attorney Kream, Weltman Co. and Citizens Bank)

26. Paragraphs 1 through 25 are repeated and realleged as if set forth more fully herein.

27. By their conduct as described above, each of Attorney Kream, Weltman Co., Citizens Bank violated the provisions of Mass. G.L. c. 93, §49 and the regulations promulgated by the Attorney General at 940 C.M.R. §7.04.

28. As a direct and proximate result of Attorney Kream's, Weltman Co.'s, and Citizens Bank's violation of Mass. G.L. c. 93, §49, Mr. Scott has been harmed in an amount to be determined at trial, plus statutory damages, plus costs and reasonable attorneys' fees as allowable by statute.

### Third cause of action
*Violations of Mass. G.L. c. 93A, §9*
(Against Attorney Kream, Weltman Co. and Citizens Bank)

29. Paragraphs 1 through 28 are repeated and realleged as if set forth more fully herein.

30. By their conduct as described above, each of Attorney Kream, Weltman Co., Citizens Bank violated Mass. G.L. c. 93A, §9.

31. As a direct and proximate result of Attorney Kream's, Weltman Co.'s, and Citizens Bank's violation of Mass. G.L. c. 93A, §9, Mr. Scott has been harmed in an amount to be determined at trial, with such damages to be doubled or trebled pursuant to Mass. G.L. c. 93A, §9(3), plus reasonable attorneys' fees as provided by statute.

### PRAYERS FOR RELIEF

The Plaintiff Walter H. Scott respectfully requests this Court:

c. Enter judgment against each of RBS Citizens N.A., Richard H. Kream, and Weltman, Weinberg & Reise Co., L.P.A. on his First, Second, and Third Causes of Action in an amount to be determined at trial, with damages to be doubled or trebled pursuant to statute;

b. Award Mr. Scott his costs and reasonable attorneys' fees as allowed by 15 U.S.C. §1692k(a)(3), Mass. G.L. c. 93A, §9(3), Mass. G.L. c. 231, §6F, or any other applicable statute; and

c. Grant such other, further, and different relief as the Court deems just and proper.

Respectfully submitted,

WALTER H. SCOTT
By his attorney,

John R. Mayer, BBO #633399
Law Offices of John R. Mayer
160 Federal Street, 22nd Floor
Boston, Massachusetts 02110
Telephone: (617) 737-7311
Facsimile: (617) 812-0350
e-mail: <jmayer@mayer-law.com>

Dated: June 25, 2008

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**